IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL CHRISTIAN PARKER, #280476, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:22-CV-595-RAH-CSC ) |
| JOSEPH HEADLEY, et al., | ) ) |
| Defendants. | ) ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Michael Christian Parker filed this 42 U.S.C. § 1983 action. Doc. 1. Subsequently, Plaintiff filed an Amended Complaint, which became the operative pleading in this action. Doc. 10. Thereafter, Defendants filed an Answer and Special Report, with supporting evidentiary materials, denying Plaintiff's claims. Doc. 26. Accordingly, on June 6, 2023, the Court issued an Order directing Plaintiff to respond to Defendants' filings on or before June 27, 2023. Doc. 29. Plaintiff did not comply with that Order and, accordingly, the undersigned Magistrate Judge recommended dismissal of this case without prejudice on September 12, 2023.[1] Doc. 30.

Plaintiff subsequently moved for an extension of time to respond to Defendants' filings. Docs. 31, 34. In light of Plaintiff's motions, the undersigned withdrew the

---

[1] This was not the first time the undersigned recommended dismissal of this case for Plaintiff's failure to comply with a Court order. On December 19, 2022, the undersigned recommended dismissal of the case without prejudice for Plaintiff's failure to file an amended complaint as directed. Doc. 6. Plaintiff subsequently sought an extension of time to file an amended complaint (Doc. 7), and the undersigned withdrew the December 19, 2022 Recommendation and gave Plaintiff an opportunity to proceed with this action (Docs. 8, 12).

September 12, 2023 Recommendation and extended the deadline for Plaintiff to file a response to January 8, 2024. Doc. 35. Thereafter, Plaintiff filed another motion for extension in which he stated that "there will absolutely be no additional need for an extension of time after this one." Doc. 36. Thus, the undersigned again extended the deadline for Plaintiff to file a response to February 7, 2024 and specifically cautioned Plaintiff that no further extensions would be granted absent a showing of extraordinary circumstances. Doc. 37. The Court further cautioned Plaintiff that, if he failed to file a timely response, the Court would treat that failure as an abandonment of the Amended Complaint and a failure to prosecute this action, and the undersigned Magistrate Judge would recommend dismissal of this case. Doc. 29 at 1. Nevertheless, more than a month has passed since the extended deadline, and Plaintiff has failed to file a response.

Because Plaintiff has failed on numerous occasions to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where Plaintiff has

2

repeatedly failed to comply with the Court's orders despite the Court's clear admonitions and multiple extensions, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **March 26, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of March, 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE